

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| LACY CONWAY McVEY,<br><br>Petitioner,<br><br>vs.<br><br>MONTANA WOMEN'S PRISON,<br><br>Respondent. | Cause No. CV 13-175-M-DWM-JCL<br><br>FINDINGS AND<br>RECOMMENDATION<br>OF U.S. MAGISTRATE JUDGE |

On August 19, 2013, the Court received a letter from Laci McVey. Because the letter contained allegations that might be construed as claims for relief against a revocation sentence imposed in state court, it was filed as a petition for writ of habeas corpus under 28 U.S.C. § 2254. *See* Rule 3(b), Rules Governing § 2254 Cases. McVey was ordered to clarify whether she intended to proceed in federal court with a habeas petition and, if so, to pay the $5.00 filing fee or move to proceed in forma pauperis. A form for filing an amended petition was included with her service copy of the Order. McVey was directed to respond on or before September 13, 2013. She did not respond to the Order.

Because McVey did not respond to the Order in any way, it is appropriate to infer that she does not wish to proceed with the action at this time. The action

1

should be dismissed without prejudice. A certificate of appealability is not warranted as her initial letter does not make a substantial showing that she was deprived of a constitutional right, 28 U.S.C. § 2253(c)(2), and there is no doubt that she may not proceed without paying the filing fee or being granted leave to proceed in forma pauperis, 28 U.S.C. § 1914(a).

Based on the foregoing, the Court enters the following:

## RECOMMENDATION

1. The Petition (Doc. 1) should be DISMISSED WITHOUT PREJUDICE.

2. The Clerk of Court should be directed to enter by separate document a judgment of dismissal.

3. A certificate of appealability should be DENIED.

## NOTICE OF RIGHT TO OBJECT TO FINDINGS & RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

Pursuant to 28 U.S.C. § 636(b)(1), McVey may serve and file written objections to this Findings and Recommendation within fourteen (14) days of the date entered as indicated on the Notice of Electronic Filing. If McVey files objections, she must itemize each factual finding to which objection is made and must identify the evidence in the record she relies on to contradict that finding; and she must itemize each recommendation to which objection is made and must set

forth the authority she relies on to contradict that recommendation. Failure to assert a relevant fact or argument in objection to this Findings and Recommendation may preclude McVey from relying on that fact or argument at a later stage of the proceeding. A district judge will make a de novo determination of those portions of the Findings and Recommendation to which objection is made. The district judge may accept, reject, or modify, in whole or in part, the Findings and Recommendation. Failure to timely file written objections may bar a de novo determination by the district judge and/or waive the right to appeal.

<u>McVey must immediately notify the Court of any change in her mailing address</u> by filing a "Notice of Change of Address." Failure to do so may result in dismissal of this case without notice to her.

DATED this 22nd day of October, 2013.

/s/ Jeremiah C. Lynch
Jeremiah C. Lynch
United States Magistrate Judge

3